State ex rel. Forstall & Sons *vs.* Board of Liquidation.

proceeds of the collections of levee taxes shall be paid out to the company as authorized by existing laws, the sums thus paid to be an extinguishment *pro tanto* of whatever judgment the company should recover of the State.

*Held,* that although judgment had been rendered in that suit, in the court of the first instance, against the Levee Company, and rejecting its claim, inasmuch as a suspensive appeal had been taken therefrom, the suit was still pending, and the company was entitled to a peremptory *mandamus* compelling the Auditor to pay the proceeds of levee taxes already collected to the company in the proportion of sixty cents to each dollar of its claim.

APPEAL from the Third District Court of New Orleans. MONROE, J.

*Gilmore & Sons* for the Relator. The Attorney-General for Respondent.

EGAN, J., delivered the opinion affirming the judgment.

---

## No. 803.

## THE STATE EX REL. E. J. FORSTALL & SONS VS. THE BOARD OF LIQUIDATION.

The bonds of the State, issued in aid of the Consolidated Association of Planters, are unquestionable debts of the State, possessing all the characteristics and requisites that are necessary to entitle them to be exchanged for consolidated bonds under the provisions of the Funding Bill.

The fact that these bonds were at one time classed by the Auditor of Public Accounts as contingent liabilities of the State, does not change or affect their character.

APPEAL from the Third District Court of New Orleans. MONROE, J.

*Breaux, Fenner & Hall* for the Relators. *H. N. Ogden,* Attorney General for the Respondent.

EGAN, J. This is a proceeding by *mandamus* to compel the funding of certain bonds of the State of Louisiana issued in aid of the Consolidated Association of the Planters of Louisiana, under Act No. 19 of 1828 and of certain interest coupons amounting, at the time of the application, to $79,927.50.

These bonds and coupons are of the same class and series with

those in the case of Lesassier & Binder v. The Board of Liqui-
dation.

In obedience to the view taken by this court in that case, the Board
was proceeding to fund the bonds, etc., in question in this case, and
had actually taken all the preliminary steps for that purpose when
they stopped in consequence of their interpretation of a decision of
the majority of the court in the case of the N. O. Pacific R. R. Co.
v. Francis T. Nicholls, Governor, et als.

In the Lesassier & Binder case, we copied one of the bonds in the
opinion.   By reference to that case and to the Act under which they
were issued it will appear that the bonds in question are the absolute
and unconditional promises of the State of Louisiana to pay the same
and *that the State is the sole obligor* in the bonds.

They are signed by Governor Derbigny and countersigned by the
Treasurer on behalf of the State.   Whatever may be the relation
between the State and the Association *as between themselves*, by no
possible interpretation can the State be considered anything less or
other than the principal and indeed the sole obligor upon the bonds
or to the holders thereof.   The fact that the Act made them *trans-
ferrible* by the indorsement of the President and Cashier of the Asso-
ciation no more modified or changed the obligation of the State than
if they had been drawn payable to bearer or had been the obligations
of any individual or private person.

They are unquestioned and unquestionable debts of the State of
Louisiana, possessing all the requisites and characteristics, which
entitle them to be exchanged for consolidated bonds under the pro-
visions of the funding bill and its Amendment.

No distinction is made against them by the broad and general
terms either of the Act or of the Constitutional Amendment.

By the third section of the original funding act, it is provided that
upon application by the holders, new consolidated bonds '' shall be
exchanged by the Board of Liquidation for *all valid* outstanding
bonds of the State.''

Those now under consideration are both valid and outstanding.
The fact that they were at one time classed by the Auditor in his
report as contingent liabilities of the State could not and does not
change their form or obligation.

It has been argued with great earnestness that there are very marked

State ex rel. Forstall & Sons *vs.* Board of Liquidation.

distinctions between the bonds issued to the Consolidation Association and those issued to the account of the Citizens' Bank — a matter we are not called on to determine in this case.

The judgment below made the *mandamus* peremptory.

*Judgment affirmed.*

Dissenting opinion.

SPENCER, J.   For the reasons stated in the case of " The State ex rel. N. O. Pacific R. R. Co. *v.* F. T. Nicholls et als," I dissent from the decree in this case.

In my opinion it is a matter of no moment whether the bonds issued to the Planters' Association were or not absolute liabilities of the State — or merely " contingent " and conditional.

It is clear to me, from the proceedings of the Legislature in adopting the funding bill, and in proposing the Amendments of the Constitution relative thereto, that the Citizens' Bank bonds and the Planters' Association bonds were excepted and excluded from the Funding Scheme.

The report of the Auditor, referred to in the Pacific Railroad case, classing these Planters' Association bonds as " contingent " liabilities does not of course make them " contingent," and in that decision we refer to them as " contingent " simply as a convenient mode of designating those bonds which were excluded from the proposed funding process — and because under that appellation they figured on the Auditor's report which served, and was adopted, as the basis of the Funding Bill and the accompanying Amendments.

I hold that these bonds cannot be funded because the Legislature did not intend to embrace them in the Scheme, and not because they are not in fact " contingent " debts of the State.

This question was not raised or brought to our notice in the Lesassier & Binder case, and in that case we simply decided that these bonds were absolute, valid debts of the State, and I still think they are — but for the reasons stated they are not fundable.

The Chief Justice concurs with Justice SPENCER.